**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

VANESSA ORTEGA,

DESIREE REYNOSO,

and ALL OTHERS SIMILARLY SITUATED

Colorado Residents

    Plaintiffs

v.

THE JOB STORE STAFFING, INC., and

DECKERS CUSTOMER DIRECT CORPORATION

 Foreign Corporations

    Defendants

---

### COMPLAINT

---

1. Named plaintiffs Ortega and Reynoso are Colorado residents who reside in Westminster and Thoron, Colorado, respectively. Both are former employees of Defendants, who operated as a joint employer. At all relevant times, the named plaintiffs were residents of Colorado.

2. Defendants are foreign corporations that regularly conduct business in Colorado. All activities described in this complaint occurred in Colorado.

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332, based on diversity of citizenship between the parties and the amount in controversy, which is greater than $75,000.

4. Venue is proper in this Court as the unlawful employment practices were committed within the jurisdiction of the United States District Court for the District of Colorado.

5. The named plaintiffs have filed charges of discrimination with both the EEOC and the CCRD on behalf of themselves and all others similarly situated. Both organizations have issued right to sue letters. The plaintiffs intend to seek class certification for this action.

## FACTUAL ALLEGATIONS

6. In the fall of 2016, both named plaintiffs were both hired by Defendant Job Store Staffing to train for permanent customer service positions with Defendant Deckers.

7. After being hired, both plaintiffs disclosed their pregnancy to their employers.

8. In the fall of 2016, both named plaintiffs satisfactorily completed their training, and thereafter expected to be hired to permanent positions with Defendant Deckers.

9. In approximately early January 2017, Plaintiff Ortega was late for work because she was attending a doctor's appointment related to her pregnancy. When she informed Defendants' managers Brendon Lucas and Ben Parker, that these absences were due to her pregnancy, she was told that they were unexcused and received formal write ups for them.

10. Around mid January 2017, Plaintiff Reynoso disclosed to Defendants that her pregnancy was high risk and that her child may be born prematurely. After she disclosed this, she was told by Defendants' manager Todd Gilder

that she would not be offered a permanent position with Deckers "because of the baby." He further told her that she had done "great" on her interview, and that her performance was "good" but that the "only concern is your pregnancy."

11. Contemporaneously, Plaintiff Reynoso requested time off work to visit her OBGYN. She informed Defendants' human resources manager, Jamie Eliason, that she needed to attend these appointments due to past premature deliveries. Ms. Eliason responded that that the Defendants allowed only a certain number of absences, and that if that number was exceeded Ms. Reynoso would be terminated.

12. The week of February 2017, Plaintiff Ortega was hospitalized due to premature labor. Approximately ten days after her return to work, she was told by her manager that she was being terminated and would not be hired by Deckers "due to your pregnancy." Defendants also terminated Plaintiff Reynoso contemporaneously with Plaintiff Ortega, along approximately with six other pregnant women.

## CAUSE OF ACTION
## PREGNANCY DISCRIMINATION

13. Defendants are employers.

14. Plaintiffs were either employed by Defendants or applicants for employment with them.

15. As pregnant women, Plaintiffs were members of a protected class.

16. Defendants took adverse actions against Plaintiffs in the form of termination of employment, failure to hire, and failure to promote.

3

17. Defendants' actions were motivated in whole or part by discriminatory animus against pregnant women.
18. Plaintiffs were treated less favorably than similarly situated persons who were not pregnant.
19. The is no legitimate, non-discriminatory reason for Defendants' actions against Plaintiffs.
20. Defendants' actions are in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, and the Colorado Anti-Discrimination Act, C.R.S. 24-34-401, *et seq.*

## **DEMAND FOR JUDGMENT**

Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants and award Plaintiffs all relief as allowed by law, including, but not limited to, the following:

a. Actual economic damages as established at trial;
b. Compensatory damages including, but not limited to, those for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;
c. Punitive damages;
d. Pre-judgment and post-judgment interest at the statutory rate;
e. Attorneys' fees, costs and expenses; and
f. Such further relief as justice requires.

Respectfully submitted this September 4, 2018.

        Paul Maxon, attorney for Plaintiffs

        ___/s/ Paul Maxon_____

        Paul Maxon (Atty. Reg. # 37251)
        The Law Office of Paul Maxon, P.C.
        4450 Arapahoe Ave.
        Boulder, CO 80303
        Telephone: (303) 473-9999
        Fax: (303) 415-2500
        E-mail: paulmaxon@maxonlaw.com

        Attorney for Plaintiffs